IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JAMILL GRANT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-3005 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Jamill Grant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 2). Petitioner alleges he is entitled to relief because he should not have been sentenced as a career offender under the advisory sentencing guidelines and because his counsel was ineffective for failing to advise him of his potential status as a career offender. A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Because

Petitioner is not entitled to relief, the § 2255 Motion (Doc. 2) is DENIED.

## I. BACKGROUND

On April 6, 2016, a grand jury in the District Court for the Central District of Illinois charged Grant with three counts of knowingly and intentionally distributing mixtures or substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  See United States v. Grant, United States District Court, Central District of Illinois, Springfield Division, Case No. 3:16-cr-30021 (hereinafter, Crim.), Indictment (d/e 4).  On August 22, 2016, Grant pled guilty to all three counts without a plea agreement.  See Crim., Aug. 22, 2016 Minute Entry.

Prior to pleading guilty, the Government filed an Information pursuant to 21 U.S.C. § 851(a)(1), notifying Grant that due to his prior Illinois conviction of Manufacture/Delivery of Heroin, Sangamon County Circuit Court, Docket No.: 12-CF-451, he was subject to a sentence of not more than 30 years imprisonment. Crim., Information (d/e 10).  At the change of plea hearing, Grant affirmed under oath that he understood that the possible penalties

included up to 30 years imprisonment.  Resp. Ex. A at 5 (Doc. 4-1).[1]

The United States Probation Office prepared a revised Presentence Investigation Report (PSR).  Crim., PSR (d/e 19).  Because Grant was over the age of 18 when he committed these offenses and his charges are considered "controlled substance offenses," he was also subject to the career offender sentencing enhancement if he had "at least two prior felony convictions of either a crime of violence or a controlled substances offense."  U.S.S.G. § 4B1.1(a).  The PSR concluded that Grant qualified as a career offender due to his prior convictions for (1) Manufacture/ Deliver Cannabis, Sangamon County Circuit Court, Docket No.: 07-CF-334; (2) Manufacture/Deliver Cannabis, Sangamon County Circuit Court, Docket No.: 08-CF-80; and (3) Manufacture/ Deliver

---

[1] The Government attached an unofficial transcript of the change of plea hearing as Exhibit A to its response.  An official transcript of the hearing has not been created and it is unclear from the record how the unofficial transcript was obtained.  Grant arguably had the right to request official transcripts pursuant to 28 U.S.C. § 753(f), but he did not do so.  However, as Grant has not objected to the use of an unofficial transcript and has not noted any potential inaccuracies in the unofficial transcript, the Court finds that it may rely on this unofficial transcript for purposes of determining the merits of Grant's § 2255 Motion.  See, also, 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

Controlled Substance, Sangamon County Circuit Court, Docket No.: 12-CF-451. PSR ¶34. The PSR calculated a total offense level of 31 and a criminal history category of VI, resulting in an advisory sentencing guideline range of 188 to 235 months' imprisonment. Id. ¶99.

On January 20, 2017, this Court sentenced Grant to a below guidelines sentence of 120 months' imprisonment on each of Counts 1, 2, and 3 to run concurrently, followed by six years of supervised release. Crim., Judgment (d/e 26). Grant filed a Notice of Appeal, but his appeal was voluntarily dismissed. Crim., Notice of Appeal (d/e 30); Crim., Mandate (d/e 35).

Grant filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 2) on January 10, 2018. He alleges: (1) he was improperly designated as a career offender under the advisory sentencing guidelines because his two previous convictions for manufacture/ delivery of cannabis under Illinois law did not qualify as "controlled substance offenses"; and (2) that he received ineffective assistance of counsel because his attorney failed to advise him of his potential designation as a career offender and failed to argue that he should not have been designated a career

offender. The Government has filed its Response (Doc. 4), and Petitioner has filed a Reply (Doc. 5). This Order follows.

## II. <u>ANALYSIS</u>

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007). Here, Grant argues that he was improperly designated a career offender under the advisory sentencing guidelines and that his attorney was ineffective for failing to advise him that he may be designated a career offender and for failing to argue that he was not a career offender at the sentencing hearing. The Court finds that both claims must be denied.

**A. Petitioner was Properly Sentenced as a Career Offender.**

Grant argues that he was improperly designated as career offender under the advisory sentencing guidelines because his two previous convictions for manufacture/ delivery of cannabis under Illinois law are not categorically controlled substance offenses. Petitioner relies on the Supreme Court's decision in <u>Mathis v.</u>

United States, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). The Government argues that Grant was properly sentenced as a career offender. The Court agrees.

In Mathis, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the ACCA because it was broader than the generic offense of burglary in § 924(e)(2)(B)(ii). 136 S. Ct. at 2251. Mathis concerned the application of the "categorical approach," whereby courts determine whether a prior conviction qualifies as a listed offense by focusing "solely on whether the elements of the crime of conviction sufficiently match the elements of [the listed offense], while ignoring the particular facts of the case." Id. at 2248. Courts have also been authorized to use "the 'modified categorical approach' . . . with statutes having multiple alternative elements" and "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. at 2249. Mathis clarified that a divisible statute is one that lists

elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element. Id.

Relying on Mathis, the Fifth Circuit in Hinkle found that the elements of the Texas crime of delivery of a controlled substance did not match the definition of "controlled substance offense" in § 4B1.2(b) of the sentencing guidelines. Hinkle, 832 F.3d at 576. The Texas law included alternative means of satisfying the element of "delivery," which included an "offer to sell." Id. at 573. A controlled substance offense for the purposes of designating a defendant a career offender under the advisory sentencing guidelines is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Hinkle court found that an "offer to sell" was not encompassed in the guideline definition, and, therefore, Hinkle's conviction was improperly used as a predicate offense. Hinkle, 832 F.3d at 576. See also United States v.

Madkins, 866 F.3d 1136, 1145 (10th Cir. 2017) (same conclusion regarding a similar Kansas statute).

Grant argues that, like the statute in Hinkle, the Illinois statute of manufacture/ delivery of cannabis, 720 ILCS 550/5, reaches offers to sell cannabis, which is broader than the definition of "controlled substance offense" in the guidelines. However, in United States v. Redden, 875 F.3d 374 (7th Cir. 2017), the Seventh Circuit rejected this argument with respect to the similar Illinois statute of manufacture/ delivery of a controlled substance, 720 ILCS 570/401. Unlike the statute at issue in Hinkle, the Seventh Circuit found that the Illinois statute "does not make it a crime to offer a controlled substance." Id. at 375. The Illinois statute defines delivery as "actual, constructive or attempted transfer." 720 ILCS 570/102(h). The Seventh Circuit found this language came within the purview of "§ 4B1.2(b) because 'transfer' is just another word for distribute or dispense." Redden, 875 F.3d at 375.

While Grant's argument concerns a different statute—the Illinois statute criminalizing manufacture/ delivery of cannabis, 720 ILCS 550/5—"delivery" for the purposes of this statute is also defined as "the actual, constructive or attempted transfer." 720

ILCS 550/3(d). Accordingly, the holding of Redden applies with equal force to this statute. Additionally, the elements of manufacture/ delivery of cannabis under 720 ILCS 550/5 also fall directly within the definition of controlled substance offense. See 720 ILCS 550/5 ("[I]t is unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis.").

    Grant argues in reply that Redden is inapposite because unlike manufacture/ delivery of a controlled substance, the Illinois Cannabis Control Act, 720 ILCS 550, et. seq., includes a provision that "any delivery of cannabis which is a casual delivery shall be treated as possession of cannabis for purposes of penalties." 720 ILCS 550/6. Grant's argument is not clear, but it seems to assume that the relevant analysis is whether any crime under the Illinois Cannabis Control Act is broader than the Guidelines' definition of "controlled substance offense." However, the Illinois' Cannabis Control Act is indisputably divisible, as separate statutes outline separate crimes with separate penalties. See, e.g., Mathis, 136 S. Ct. at 2249. And, while possession of cannabis may not fall under the definition of "controlled substance offense," Grant was not

convicted of possession of cannabis.  Grant was convicted of manufacture/ delivery of cannabis under 720 ILCS 550/5, which, as explained above, falls squarely within the definition of "controlled substance offense" under the sentencing guidelines.

### B. Petitioner's Counsel Did Not Provide Ineffective Assistance.

Grant argues that his counsel provided ineffective assistance for advising him to enter a guilty plea without fully explaining the potential sentencing enhancement consequences and potential sentencing range.  In his reply, Grant also argues that his counsel was ineffective for failing to argue that he should not be designated a career offender.

Under the Sixth Amendment to the Constitution, a defendant is entitled to effective assistance of counsel during his criminal proceeding and appeal. Strickland v. Washington, 466 U.S. 668, 684-86, 104 S. Ct. 2052 (1984).  Under Strickland's familiar two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result.  Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015).  When a defendant challenges his guilty plea based on

ineffective assistance of counsel, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); see also, Lee v. United States, 137 S. Ct. 1958, 1965 (2017). The defendant must also show that to reject the plea agreement and go to trial would have been rational under the circumstances. Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Turning first to the performance prong, the Court finds the record is not sufficiently developed to determine whether counsel's performance was deficient. In the plea-bargaining context, the Seventh Circuit has stated "that a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." Spiller v. United States, 855 F.3d 751, 755 (7th Cir. 2017) (citing Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006) (citing cases)). If Grant's attorney failed to inform Grant of his potential to be sentenced as a career offender, it is possible that

Grant's attorney's performance was deficient.  However, the Court is not able to determine whether Grant's allegations are true.  In the Government's response, it has only addressed the prejudice prong.  Without an affidavit or testimony from Petitioner's former counsel, or other reliable evidence the Court is unable to determine whether Petitioner's counsel's performance fell below an objective standard of reasonableness.

However, assuming that his counsel's advice were deficient, Grant has failed to show that "absent counsel's erroneous advice, he would not have pled guilty but would have insisted on going to trial." Hill, 474 U.S at 59.  While Grant quotes this legal requirement in his motion, Motion at 21 (Doc. 2), Grant at no point alleges he would have actually gone to trial had his attorney not allegedly failed to advise him of his potential sentencing enhancement consequences and potential sentencing range.  Even had he made such a claim, the mere allegation that he would have insisted on going to trial is not sufficient to establish prejudice for a claim of ineffective assistance of counsel.  Wyatt v. United States, 574 F.3d 455, 458 (7th Cir. 2009).

Moreover, Grant cannot show prejudice because his testimony under oath from the change of plea hearing shows counsel's advice or lack of advice was not a decisive factor in his decision to plead guilty. See Wyatt, 574 F.3d at 458 (7th Cir. 2009); United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005) ("The question. . . is whether the mistake affected the decision to plead guilty."). At the change of plea hearing, Grant stated under oath that he understood his potential penalties included up to 30 years imprisonment. Resp. Ex. A at 5-6 (Doc. 4-1). He stated that no one had made any promises or assurances in an effort to get him to plead guilty or forced him in any way to plead guilty. Id. at 9. Magistrate Judge Tom Schanzle-Haskins also advised him that the Court "won't be able to determine the guidelines sentence for [his] case until after a pre-sentence report has been completed" and reviewed by all parties. Id. at 10. Judge Schanzle-Haskins further advised that "the sentence imposed might be different than any estimate your lawyers have given you" and that "the court has the authority in some instances, to depart from those guidelines and impose a sentence that could be either more severe or less severe than that called for by the sentencing guidelines." Id. Under oath, Grant

stated he understood and he still wanted to plead guilty. Id. at 10, 12. By persisting in his guilty plea with these understandings in mind, he was affirming that his guilty plea was not made in reliance of a particular sentence. He cannot now claim that he would not have pled guilty if his attorney had correctly advised him of his sentencing range (again assuming that his attorney's advice was incorrect). He was aware of the risk that any calculations given to him by his attorney could not be relied upon once he pleaded guilty and "disclaimed that risk." See Bethel, 458 F.3d at 718. Accordingly, the Court finds that Grant was not prejudiced by any deficient advice his attorney may have given him or failed to give him regarding the potential penalties he faced by pleading guilty.

In his reply, Grant also argues that counsel was ineffective for failing to argue that he should not be designated a career offender. However, Grant has not identified a meritorious argument that counsel could have raised to avoid the career offender designation. As explained above, Grant's argument based on Mathis and Hinkle that his convictions for manufacture/delivery of cannabis do not qualify as controlled substance offenses is meritless. Failing to raise a meritless argument is not ineffective assistance of counsel.

Further, as the argument is meritless, Grant cannot show any prejudice from his counsel's failure to raise the argument. Accordingly, Grant's claim of ineffective assistance of counsel is denied.

### III. **CERTIFICATE OF APPEALABILITY**

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). As explained above, Petitioner's first claim is foreclosed by circuit precedent and his second claim is foreclosed by his own testimony at the plea hearing. Accordingly, the Court finds that Petitioner has not made a substantial showing of the denial of

a constitutional right.  The Court declines to issue a certificate of appealability.

## IV. **CONCLUSION**

For the reasons stated above, Petitioner Jamill Grant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 2) is DENIED.  The Court declines to issue a certificate of appealability.  This case is CLOSED.

ENTER: November 21, 2019

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE